# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TONY D. WALKER,**
    **Plaintiff,**

   v.                                                      **Case No. 16-C-1331**

**GREEN BAY CORRECTIONAL INSTITUTION
HEALTH SERVICES UNIT,
DR. MARY SAUVEY, KATHY LEMENS,
S WIJAS, C BAIER, ASHLEY HUEMPTER,
A DEGROOT, D LARSON, and
WAUPUN CORRECTIONAL HEALTH SERVICES UNIT,**
    **Defendants.**

## ORDER

Plaintiff Tony D. Walker is a Wisconsin state prisoner who is representing himself. I screened his complaint and allowed him to proceed on his Eighth Amendment claims based on his allegations that defendants failed, and are failing, to treat his severe pain. Docket No. 22. Defendants have moved for summary judgment for failure to exhaust administrative remedies. In response, plaintiff has moved for me strike and or disregard defendants' brief in reply to plaintiff's response to the defendants' motion for summary judgment, docket no. 108, and for me to issue sanctions against defendants, docket no. 109. Plaintiff has also moved for me to extend the time for completion of discovery, docket no. 88, and to compel production of documents, docket no. 89. For the reasons explained in this order, I will deny plaintiff's motion to strike and motion for sanctions, grant the defendants' motion for summary judgment, and deny as moot the plaintiff's motions regarding discovery.

## I. PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR SANCTIONS

Plaintiff contends that defendants' reply in support of their motion for summary judgment should be stricken because it was not timely filed. Specifically, he asserts that "regardless of the court's October 11, 2017 order, the defendants' reply and response documents are untimely by rule and must be [stricken] and/or disregarded." Docket No. 108. He asserts that defendant should have filed their documents within fourteen days of his filing. Plaintiff, however, is mistaken. First of all, such filings are not made regardless of my order. To the contrary, they should submitted *with regard* to it, as I have the discretion to modify briefing schedules. *See* Civil L. R. 56(b) (E.D. Wis. 2010).

In my October 11, 2017, I ordered that "[p]laintiff shall submit his response to defendants' motion on exhaustion by December 13, 2017, and defendants shall have up to and including December 28, 2017 to file a reply." Although plaintiff submitted his response earlier than the deadline I allowed, his timing does not alter the deadline I allowed defendants. Thus, plaintiff's motion to strike defendants' reply in support of their motion for summary judgment will be denied.

Next, plaintiff contends that the court should issue sanctions against defendants because they violated the Health Insurance Portability and Accountability Act (HIPAA). He states that without his consent or authorization defendants disclosed to the public his confidential medical information allegedly improperly obtained through Dr. Salam Syed when they filed their motion in opposition to his motion for preliminary injunction/TRO, docket no. 30, and the declaration of Salam Syed, docket no. 31. However, "HIPAA does not furnish a private right of action." *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011) (citations omitted).

To the extent plaintiff is asserting that he has "a constitutional interest in protecting the confidentiality of his medical records, he waived that interest when he filed suit against defendants alleging that they provided him inadequate medical care." *Ammons v. Gerlinger*, No. 06-C-20-C, 2007 WL 5659413, at *2 (W.D. Wis. Mar. 12, 2007) (citing *Whalen v. Roe,* 429 U.S. 589 (1977); *Woods v. White,* 689 F.Supp. 874 (W.D.Wis.1988), *Doe v. Marsh,* 918 F.Supp. 580, 585 (N.D.N.Y.1996); *Ferrell v. Glen–Gery Brick,* 678 F.Supp. 111, 112 (E.D.Pa.1987); *Felder v. Wyman, M.D.,* 129 F.R.D. 85, 88 (D.S.C.1991). Thus his medical records would be discoverable by defendants because they would have highly relevant information regarding his claims. *See* Fed. R. Civ. P. 26(b)(1). To properly secure such discovery, defendants would have needed a protective order limiting who could review the records and how they could use them or a properly executed medical release form. They were provided with the latter because plaintiff's handwritten authorization for release appears to blanket the entire timeline for this case as it does not include an authorization effective date. Docket No. 55-2 at 60-61. Thus, defendants did not improperly obtain plaintiff's medical information from Dr. Syed because plaintiff authorized the release.

Plaintiff's latter argument in his motion seems to be a sur-reply to defendants' reply in support of their motion for summary judgment. As a primary matter, the court's local rules do not provide for sur-replies. *C.f. Pike v. Caldera*, 188 F.R.D. 519, 537 (S.D. Ind. 1999) (noting that the United States District Court for the Southern District of Indiana has a local rule allowing for sur-replies when there are new arguments or evidence presented in a reply brief). Moreover, plaintiff failed to seek leave to file his sur-reply. Additionally, and more importantly, plaintiff does not allege, and I find that

3

defendants have not proposed new material facts or evidence in their reply brief that would warrant a sur-reply. *See Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n. 13 (10th Cir. 2003) (indicating that when new evidence or arguments are presented in a reply brief, the district court must either disregard the reply or allow the opposing party to file a sur-reply); *see also Navajo Health Found.-Sage Mem'l Hosp., Inc. v. Burwell*, 110 F. Supp. 3d 1140, 1183 (D.N.M. 2015) (granting leave to file sur-reply because movant raised a number of new issues and presented new evidence in reply brief); *see also King v. Knoll*, 399 F. Supp. 2d 1169, 1174 (D. Kan. 2005) (granting leave to file a sur-reply when a movant improperly raises new arguments in a reply). Thus, the court will not consider plaintiff's would-be sur-reply, and plaintiff's motion for sanctions will be denied.

## II. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A. BACKGROUND[1]

At all times relevant, plaintiff was incarcerated at the Green Bay Correctional Institution (GBCI) and subsequently transferred to the Waupun Correctional Institution (WPI). Docket No. 95, ¶ 1. All of the defendants were employed by the Wisconsin Department of Corrections. Docket No. 95, ¶ 3.

Plaintiff alleges that the defendants failed and are failing to treat his severe back and knee pain. Docket No. 95, ¶ 3. He states he administratively exhausted this claim by filing an inmate complaint on June 7, 2016, and refiling the same complaint on June

---

[1] The facts are taken from defendant's proposed findings of fact (Docket No. 95), plaintiff's response to defendants' proposed findings of fact (Docket No. 100), plaintiff's proposed findings of fact (Docket No. 101), and defendants' response to plaintiff's proposed findings of fact (Docket. No. 106). I have also considered and included facts set forth in the declaration of Cindy O'Donnell. Docket No. 96.

4

17, 2016. Docket No. 96 at Ex. 1001-2, Ex. 1002-2; Docket No. 100, ¶ 9. On his complaint form in the section that asks the complainant to "briefly state who or what is the one issue of this complaint," plaintiff wrote "GBCI medical staff and special needs committee has refused to treat and accommodate my chronic medical ailments and conditions." Docket No. 96 at Ex. 1001-2, Ex. 1002-2; Docket No. 100, ¶ 11; Docket No. 101, ¶ 5. In the section of the complaint that asks for the details surround the incident, plaintiff asserted a number of ailments and conditions. Docket No. 96 at Ex. 1001-2, Ex. 1002-2; Docket No. 101, ¶ 6. Both complaints were returned because they "contain[ed] multiple issues." Docket No. 96 at Ex. 1001-1, Ex. 1002-1.

Plaintiff subsequently filed this lawsuit against the defendants.

**B. STANDARD OF REVIEW**

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v.*

5

*Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

**C. ANALYSIS**

Defendants assert that summary judgment should be granted in their favor because plaintiff failed to exhaust his administrative remedies regarding his claim that the defendants failed and are failing to treat his severe pains. His twice-submitted inmate complaint regarding the issue was twice returned because plaintiff failed to comply with the inmate complaint requirement of asserting only one issue. Plaintiff did not file another complaint regarding his claim.

In response, plaintiff contends that his ability to administratively exhaust his claim was effectively foreclosed because his inmate complaints were erroneously returned. He argues that he complied with the "one issue" requirement and that his supporting facts should not have been considered with regard to that one issue as they were not required under Wisconsin law.

The Prison Litigation Reform Act (PLRA) provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that a prisoner comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The

6

objective of § 1997e(a) is to "permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion," and expects prisoners to adhere to "the specific procedures and deadlines established by the prison's policy." *Dole*, 438 F.3d at 809; *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted).

Wisconsin has implemented the Inmate Complaint Review System (ICRS) under which inmate grievances concerning prison conditions or the actions of prison officials are "expeditiously raised, investigated and decided." Wis. Admin. Code § DOC 310.01. Under the ICRS, the first step in effectuating the grievance process involves an inmate filing a complaint with the institution complaint examiner within fourteen calendar days after the occurrence giving rise to the complaint, unless good cause exists to excuse a delay. Wis. Admin. Code § DOC 310.09(6). The institution complaint examiner has the authority to return, investigate, or recommend a decision to an appropriate reviewing authority. Wis. Admin. Code § DOC 310.07(2)(a)–(c). A complaint is "returned" when it does not meet the ICRS requirements as stated in § DOC 310.09(1). *Johnson v. Meier*, 842 F. Supp. 2d 1116, 1118 (E.D. Wis. 2012). The failure to properly exhaust each step of the grievance process, that includes meeting the requirements for each step, constitutes failure to exhaust available administrative remedies. *Pozo,* 286 F.3d at 1025.

The ICRS requires an inmate to submit a complaint alleging only *one issue*. *See* Wis. Admin. Code § DOC 310.09(1)(e). Plaintiff's inmate complaint was returned to him because it failed to comply with this requirement by alleging multiple issues.

7

In the section where plaintiff is directly asked to state his one issue, plaintiff asserted that "GBCI medical staff and special needs committee has refused to treat and accommodate my chronic medical ailments and conditions." This is far from being a single issue. Plaintiff clearly identifies two distinct issues and at least two distinct medical needs that were not being addressed. Plaintiff asserts that the GBCI medical staff and special needs committee failed to 1) treat and 2) accommodate him. Plaintiff has alleged two different acts for which the medical staff and special needs committee failed. He then goes on to state that this failure was with regard to his 1) medical ailments and 2) conditions. So, at the very least, plaintiff's inmate complaint alleged that the staff and committee failed to do two different acts with regard to his "more than one" ailments and "more than one" conditions. This does not comply with the only one issue requirement.

Further, in the section that asks plaintiff to state the facts surrounding the incident, plaintiff expounds on his various medical ailments and conditions and how the staff and committee have purportedly failed to treatment and accommodate them. Specifically, he discusses his dislocated finger, chronic back pain, bleeding anus, and degenerative joint disease in his left knee and explains how he had not received the requested treatment or accommodation for each. Thus, plaintiff clearly identified four issues for which he was seeking redress, not "only one issue."

Plaintiff contends, however, that the section where he included the facts surrounding the incident should have been disregarded because the law does not require such information. He states that he fully complied with Wis. Admin. Code § DOC 310.09(1)(e) when he wrote what he alleges to be one issue in the section requiring him

8

to write the one issue of the complaint. Even assuming that plaintiff's noted issue on his inmate complaint encompasses one issue—which I have already found that it does not—the form's further requirement of additional facts was permitted by Wisconsin law. Indeed, under Wis. Admin. Code § DOC 310.09 (6), "[a] complaint must contain sufficient information for the department to investigate and decide the complaint." The department's inmate complaint form seeks this "sufficient information" by asking the inmate to provide additional facts surrounding the incident that gave rise to the complaint. Thus, DeGroot's reliance on the information plaintiff provided in this section of his inmate complaint form to return plaintiff's complaint form twice was proper as this section further evinces plaintiff's noncompliance with the one issue requirement.

Because plaintiff does not assert that he submitted any other inmate complaint that complied with the ICRS requirements regarding his claims in this case, I find that he has failed to exhaust his administrative remedies for his claims in this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that defendants' motion for summary judgment (Docket No. 93) is **GRANTED**. The Clerk of the Court shall enter final judgment.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike defendants reply in support of their motion for summary judgment (Docket No. 108) is **DENIED.**

**IT IS ALSO ORDERED** that plaintiff's motion for sanctions (Docket No. 109) is **DENIED**.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of

Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2018.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge